UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH RODRIGUEZ,

              Plaintiff,

        -against-

NEW YORK CITY, et al.,

              Defendants.

21-CV-7037 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Mid-State Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants conspired to violate his constitutional rights. By order dated September 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth in this order, the Court dismisses the complaint for failure to state a claim.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**BACKGROUND**

Plaintiff brings this civil rights action alleging that on March 29, 2019, Defendants conspired to violate his constitutional rights when Defendants accused him of selling crack-cocaine in Washington Square Park and prosecuted him based on a false version of events that supported a finding of probable cause for the arrest. Plaintiff names as Defendants: the City of New York, the New York City Police Department (NYPD), the New York County District Attorney's Office (Manhattan DA), Manhattan DA Cyrus Vance, Assistant District Attorney (ADA) Samantha Oakes, and NYPD Officers Joseph Kourakos, Justin Cristiano, Joseph Vincent, Annalee Simon, and six John Does. He seeks declaratory and injunctive relief, as specified below.

The following facts are taken from the complaint: On March 29, 2019, Officers Kourakas, Vincent, Cristiano, and three Doe Defendants approached Plaintiff in New York City's Washington Square Park, accusing him of selling crack. After Plaintiff denied doing so, Officer Kourakos ordered Plaintiff to leave the park and walk to a police vehicle. At the vehicle, Officer Doe #2 conducted a pat frisk, but no drugs were found. Officer Doe #2 then handcuffed Plaintiff, placed him in the police vehicle, and the officers transported him to the 6th Precinct in New York City.

At the precinct, Officer Simon ordered Plaintiff to remove his shoes: Plaintiff complied, but no drugs were found. Officers Vincent, Cristiano, and Officer Does #4 and #5 then escorted Plaintiff to the precinct bathroom where they conducted a strip search. "While in the bathroom, completely naked, Defendant Kourakos ordered Plaintiff to bend over and spread his butt cheeks." (ECF 2, at 9.) Plaintiff complied, and while bending over and spreading his butt cheeks, "[a] small plastic bag containing crack-cocaine fell to [the] bathroom floor." (*Id.*) Then,

> Defendant Kourakas picked up [the] plastic bag containing crack-cocaine and stated 'once a crack-head, always a crack-head . . . I got you now . . . now you got another case while on bail, you won't be released this time!' Plaintiff answered, 'you have violated my civil rights when I did nothing wrong for you to bring me to the 6th Precinct.' Defendant Kourakas laughed [and] then stated 'So What! Who's going to believe your story – you're a career criminal and a crack-head.'

(*Id.*)

ADA Oakes aided unspecified officers in creating a police report describing these events as follows: at Washington Square Park, Plaintiff handed Officer Vincent "'a plastic bag containing fifty-eight individual packages of crack-cocaine from [his] underwear.'" (*Id.*) After this exchange, Officer Cristiano recovered $355.00 from Plaintiff.

Plaintiff seeks declaratory judgment stating, in summary, that: (1) Defendants did not have probable cause to approach Plaintiff in Washington Square Park; (2) Plaintiff's version of the events that occurred before his arrest is the true version of those events; and (3) Defendants suppressed evidence in furtherance of their conspiracy to promote a false version of events. He also seeks an injunction barring Defendants from approaching citizens, in the future, without probable cause and from "invok[ing] unlawful arrest procedures." (ECF 2, at 11.)

Plaintiff contends that the "complaint does not serve or intend to impede, circumvent, or disturb . . . *Heck v. Humphrey*, 512 U.S. 477 (1994), and that it does not concern any events that occurred between April 2, 2019 through May 16, 2019," the time frame in which Plaintiff was convicted.

Plaintiff attaches to the complaint a felony indictment filed with the Criminal Court of the City of New York, outlining the officers' version of events; that is, Plaintiff handed Officer Vincent 58 bags of crack-cocaine, and Officer Cristiano recovered $355.00 from Plaintiff. Also attached to the complaint is an October 31, 2018 executed plea agreement, which predates the events giving rise to Plaintiff's claims here, showing that Plaintiff previously pleaded guilty to

3

two counts of third-degree criminal sale of a controlled substance (CSCS) and agreed to participate in a drug treatment program. As part of the agreement, the state trial court deferred sentencing for 18 months while Plaintiff participated in the drug treatment program. In the event Plaintiff was arrested again, the agreement required the trial court to sentence him to two years.

According to records maintained by the New York State Department of Corrections and Community Supervision (DOCCS), on May 24, 2019, DOCCS took custody of Plaintiff, who had been convicted in New York County of two counts of third-degree CSCS and sentenced to a four-year determinate sentence.

## DISCUSSION

A prisoner cannot pursue civil rights claims that would necessarily be inconsistent with a conviction. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If a plaintiff is convicted, and his claims would necessarily impugn the conviction, a federal court must dismiss those claims under *Heck*. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

Here, Plaintiff seeks injunctive and declaratory relief that would necessarily be inconsistent with his conviction. Specifically, he seeks a judgment from this Court stating that (1) his version of events – that Defendants confiscated the crack-cocaine at the precinct – is the true version of events; (2) Defendants falsified evidence to support their version; and (3) the officers did not have probable cause to approach him in Washington Square Park. A finding in Plaintiff's favor would necessarily call into question Plaintiff's conviction, which was based on the official record of events leading to Plaintiff's arrest; that is, Plaintiff sold 58 packets of crack-cocaine to an undercover officer in Washington Square Park, and Plaintiff had on his person $355.00.

Plaintiff's assertion that his pleading does not "pertain to any events" that occurred after his arrest – that is, his conviction – does not bar *this* Court from considering his conviction in

determining the viability of Plaintiff's complaint. In essence, Plaintiff asks this Court to consider the events leading up to his arrest in isolation and outside their context, a context which necessarily must include Plaintiff's conviction on his arrest charges. Thus, because Plaintiff seeks relief that would call into question the validity of his conviction, his claims are barred under *Heck*, and the Court dismisses the complaint for failure to state a claim.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   September 20, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge